# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**AARON STATEN,**

    Plaintiff,

v.

**HOME CARE SERVICES, INC. D/B/A KABAFUSION,**

    Defendant.

Case No.

Hon.

Removed from:
Wayne County Circuit Court
Case No. 21-005199-CD
Hon. Brian R. Sullivan

| Jan Jeffrey Rubinstein (P57937) | Maurice G. Jenkins (P33083) |
|---|---|
| Ryan Richardville (P77335) | Blaine A. Veldhuis (P78840) |
| THE RUBINSTEIN LAW FIRM | JACKSON LEWIS P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 30150 Telegraph Road, Ste. 444 | 2000 Town Center, Ste. 1650 |
| Bingham Farms, MI 48025 | Southfield, MI 48075 |
| jjr@therubinsteinfirm.com | (248) 936-1900 (ofc) |
| rr@therubinsteinfirm.com | (248) 936-1901 (fax) |
|  | Maurice.Jenkins@jacksonlewis.com |
|  | Blaine.Veldhuis@jacksonlewis.com |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1391, 1441, and 1446, Home Care Services, Inc. ("HCS" or Defendant), by and through its counsel, Jackson Lewis P.C., hereby removes this action from the Circuit Court for the County of Wayne, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan. In support of its Notice of Removal, Defendant states as follows:

## OVERVIEW

1. This case is removable to the U.S. District Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over Plaintiff's Title VII claim within the Complaint.

2. This case is also removable to the U.S. District Court pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00); and (b) Plaintiff, Aaron Staten. ("Plaintiff"), and Defendant, Home Care Services, Inc., are citizens of different states. Specifically, Plaintiff is a citizen of Michigan and Home Care Services, Inc. is not a Michigan citizen.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446.

## SERVICE OF THE COMPLAINT AND SUMMONS

4. Plaintiff originally filed his Complaint against HCS in the Wayne County Circuit Court, State of Michigan (Hon. Brian R. Sullivan) alleging "Sex Discrimination and Sexual Harassment" under Title VII of the Civil Rights Act of 1964 ("Title VII") and Michigan's Elliott-Larsen Civil Rights Act, MCL § 37.2102 *et. seq.* ("ELCRA"), "Hostile Work Environment" under the ELCRA, "Retaliation" in violation of Title VII, "Violation of the Bullard-Plawecki Employee Right to Know Act" in violation of Michigan's Bullard-Plawecki Employee Right to Know Act, MCL § 423.501, *et seq.*, "Negligence" in violation of Michigan common law,

2

and "Negligent Infliction of Mental Distress" in violation of Michigan common law, and "Violation of the Michigan Whistleblower Protection Act" in violation of Michigan's Whistleblowers' Protection Act ("WPA").

5. A copy of the Summons and Complaint are attached as **Exhibit A**. The documents attached as Exhibit A constitute all process, pleadings and orders served upon HCS to date in the matter pending in state court.

## STATEMENT OF GROUNDS FOR REMOVAL

6. 28 U.S.C. § 1441(a) provides that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. This Court has original jurisdiction over Plaintiff's Title VII claim, pursuant to 28 U.S.C. §1331. Accordingly, removal from the state court to this court is proper under 28 U.S.C. § 1441 *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's ELCRA, Bullard-Plawecki Employee Right to Know Act, WPA, and common law claims pursuant to 28 U.S.C. §1367, because they are so related to Plaintiff's Title VII claims that they form part of the same case or controversy. Accordingly, removal from the state court to this court is proper under 28 U.S.C. § 1441 *et seq*.

9. In addition, 28 U.S.C. § 1332(a) grants original jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between. . .(1) citizens of different States."

10. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00); and (b) Plaintiff and HCS are citizens of different states.

11. This Notice of Removal is timely under 28 U.S.C. § 1446, as Defendant filed this Notice of Removal within 30 days after it received a copy of Plaintiff's Complaint. *See* 28 U.S.C. § 1446(b)(3).

## **AMOUNT IN CONTROVERSY**

12. Plaintiff's Complaint expressly seeks an amount in excess of $75,000 because he requests damages in excess of $25,000, individually, for five individual claims (Counts I-III, and V-VI). Plaintiff's Complaint further seeks an amount in excess of $75,000, individually, for the remaining claims two claims (Counts IV and VII) Thus, adding together Plaintiff's seven separate claims the total far exceeds $75,000. As a result, HCS has a good faith belief based on the allegations of Plaintiff's Complaint that the amount in controversy is in excess of this Court's jurisdictional threshold of $75,000. (*See* 28 U.S.C. § 1332(a)).

13. Nevertheless, in the Sixth Circuit, where a plaintiff's state court complaint is silent as to the total amount of damages claimed, the removing defendant need only establish that it is more likely than not that plaintiff's claim exceeds the jurisdictional minimum. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir. 1990); *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

14. Here, in light of Plaintiff's claimed damages, it is more likely than not that the amount in controversy exceeds $75,000. In his Complaint, Plaintiff seeks, among other damages, compensatory damages in excess of $25,000 for five of his claims including, an award of back pay, exemplary damages, emotional distress, and attorneys' fees and for the remaining two claims Plaintiff seeks compensatory damages in excess of $75,000.

15. The amount in controversy may also include attorneys' fees where, as here, those fees are recoverable by statute. *See Crosby v. Am. Online, Inc.,* 967 F. Supp. 257, 261 (N.D. Ohio 1997). Under Title VII and Michigan's Elliott-Larsen Civil Rights Act, a prevailing plaintiff may recover his or her reasonable attorneys' fees.

16. Based on the foregoing, HCS asserts in good faith that the amount in controversy exceeds $75,000.

**DIVERSITY OF CITIZENSHIP**

17. At the time this action was commenced and to date, Plaintiff, upon information and belief, is an individual who resides in the State of Michigan. (Complaint ¶ 2)

18. HCS was at the time of filing this action, and still is, a citizen of the State of New Jersey, the state in which it was organized. (Complaint ¶ 4; **Exhibit B**, Esposito Declaration at ¶ 5)

19. HCS's maintains its principal places of business in the state of New Jersey and state of California, and its corporate headquarters are located in California. (*Id*. at ¶ 6)

20. Kabafusion is a dba for HCS. (*Id*. at ¶ 7)[1]

21. Accordingly, removal of this action is proper under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the state of Michigan, and HCS is a citizen of New Jersey with a principal place of business in California, and the amount in controversy exceeds $75,000.

## VENUE

22. Venue lies in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the state

---

[1] To the extent Plaintiff may allege that Kabafusion, LLC is a proper party (although not a named party), it would not affect diversity. Kabafusion, LLC is a Florida entity with no members that are citizens of Michigan. (*Id.* Fn. 1)

action was filed in this district and the state action asserts that the alleged unlawful actions took place in this district.

## **REMOVAL**

23. The prerequisites for removal under 28 U.S.C. §§ 1441 have been met.

24. This action is thus properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and because it has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

25. Pursuant to 28 U.S.C. § 1446(b)(3), HCS files this Notice of Removal within 30 days after it was served with the Complaint.

26. HCS has not yet filed an answer or other responsive pleading in response to Plaintiff's Complaint.

27. HCS has paid or will pay the filing fees prescribed by this Court's rules.

28. This Notice of Removal is being served upon Plaintiff by U.S. mail and email, and a copy of the Notice of Removal is being filed with the Clerk of the Wayne County Circuit Court pursuant to 28 U.S.C. § 1446(d).(See **Exhibit C**, Notice of Filing Notice of Removal & Proof of Service).

29. HCS submits this Notice of Removal without waiving any of its defenses to the claims asserted by Plaintiff or conceding that Plaintiff has asserted claims upon which relief can be granted.

WHEREFORE, HCS respectfully requests that the U.S. District Court for the Eastern District of Michigan accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

Respectfully Submitted,

*/s/ Blaine A. Veldhuis*
Maurice G. Jenkins (P33083)
Blaine A. Veldhuis (P78840)
Jackson Lewis P.C.
*Attorneys for Defendant*
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900 (ofc)
(248) 936-1901 (fax)
Maurice.Jenkins@jacksonlewis.com
Blaine.Veldhuis@jacksonlewis.com

June 4, 2021

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above cause at their respective addresses disclosed on the pleadings on June 4, 2021 by:

- ☐ Hand Delivery     ☐ U. S. Mail
- ☐ Overnight Delivery  ☐ FAX
- ☑ ECF (E-filing)    ☐ E-mail

/s/ Blaine A. Veldhuis
Blaine A. Veldhuis