# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy - Defendant | | 2nd Copy - Plaintiff<br>3rd Copy - Return | |
|---|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | | **SUMMONS** | **CASE NO.<br>21-005199-CD<br>Hon. Brian R. Sullivan** | |

Court address: 2 Woodward Ave., Detroit MI 48226　　　　Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s) <br> Staten, Aaron | v | Defendant's name(s), address(es), and telephone no(s). <br> Home Care Services, Inc. d/b/a Kabafusion <br> 31555 Industrial Rd. <br> Livonia, MI 48150 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no <br><br> Jan Jeffrey Rubinstein 57937 <br> 30150 Telegraph Rd Ste 444 <br> Bingham Farms, MI 48025-4549 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court,
where it was given case number _____ and assigned to Judge _____
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.　　　**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date <br> 4/26/2021 | Expiration date* <br> 7/26/2021 | Court clerk <br> Carlita McMiller |
|---|---|---|

Cathy M. Garrett - Wayne County Clerk

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)　　　**SUMMONS**　　　MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

AARON STATEN,
an individual,

    Plaintiff,

-v-

HOME CARE SERVICES, INC. D/B/A KABAFUSION
a foreign Corporation,

    Defendant.

Case No: 2021-   -CD
Hon.:

THE RUBINSTEIN LAW FIRM
Jan Jeffrey Rubinstein (P57937)
Ryan Richardville (P77335)
Attorneys for Plaintiff
30150 Telegraph Road, Suite 444
Bingham Farms, MI 48025
(248) 220-1415

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

### VERIFIED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, AARON STATEN, by and through his attorneys, THE RUBINSTEIN LAW FIRM, and for his Verified Complaint and Jury Demand against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION states the following in support:

### JURISDICTION AND VENUE

1. This is an action for workplace discrimination and Plaintiff brings claims in this lawsuit under the Title VII of the Civil Rights Act of 1964, claims under Michigan's Elliot-Larsen Civil Rights Act (MCL 37.2101 *et. seq.*, "ELCRA"), as well as other related claims.

1

2. Plaintiff, AARON STATEN, is an adult resident of the State of Michigan who currently resides at 1836 S. Electric Street, Detroit, Wayne County, MI 48217.

3. Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, is a foreign corporation authorized to conduct business in the State of Michigan, with its principal place of business located at 31555 Industrial Road, Livonia, Wayne County, MI 48150

4. The events giving rise to this cause of action took place in Wayne County, Michigan, while Plaintiff was employed with Defendant.

5. The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, and Plaintiff seeks equitable relief which is within the exclusive jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

7. Plaintiff, at all times relevant, was employed at the Kabafusion location in Livonia, Michigan, where he did warehouse and courier work, and would also routinely assist with deliveries if necessary.

8. Plaintiff was employed with Defendant from December 1, 2020, to March 23, 2021, at which time he was wrongfully terminated.

9. Specifically, from the outset of employment, Mr. Staten was informed by VP of Operations, Frank Esposito and HR Employee Michael Bell, that based on Plaintiff's management experience and supply chain experience with his former employer, Sinai Grace Hospital, he was informed that "they did not see him as a courier" and he would be advanced.

10. Defendant also employed two other individuals, Pierce and Ruben, who were Caucasian and African-American, respectively. These individuals were assigned the same work position as Plaintiff, however Mr. Staten was forced to travel to the worst parts of the City of Detroit for work because "he knew how the people were." Upon information and belief, no one else was ever assigned to this task.

11. Moreover, throughout his time of employment with Defendant, Plaintiff was subjected to completely inappropriate sexual advances, unwanted touching, and unwelcomed, unsolicited comments about his appearance by his supervisor, Colleen Cobb. By way of example, Plaintiff was subjected to conduct including, but not limited to:

    a. unwanted flirting from Colleen Cobb to Mr. Staten;
    b. stating "I like looking into your eyes because it makes me feel good";
    c. stating "I like them long, longer is better… you know what I mean";
    d. Referring to Mr. Staten as "her big, strong man";
    e. Routinely calling Mr. Staten inappropriate things like "honey" and "sweetheart";
    f. Frequently touching Plaintiff, including, but not limited to, coming up behind him and rubbing his back and arms;
    g. Placing her hand on his chest;
    h. Unwelcome comments on how Mr. Staten looked in certain clothes; and
    i. Unwelcome comments as to how Mr. Staten "looked buff";

12. Plaintiff has made every attempt to Ms. Cobb's unwanted advances, by physically moving himself upon these unwelcomed advances, and pulling away when she would touch his chest, back, and arms.

13. Plaintiff reported these issues by filing a complaint with Defendant's Human Resources department, as well as to Defendant's General Manager of the Livonia location, Katherine.

14. Katherine took no further action and told Mr. Staten that he would need to take his complaints up with his direct manager, Colleen Cobb, despite already informing her that these advances were unwanted and inappropriate.

15. When Plaintiff had these harassment issues with Colleen Cobb, he tried going to Katherine, who refused to talk to him, even after making multiple attempts going personally down to her office.

16. It wasn't until after Plaintiff made a complaint to Frank Esposito and Michael Bell about Colleen Cobb via email that Katherine had to be involved at that point.

17. Disappointingly, Plaintiff had emailed Frank Esposito and Michael Bell multiple times regarding these issues and was ignored for weeks for weeks before they finally told him to "see Katherine before he could talk to them" and they asked Katherine to deal with him. Thereafter, Katherine had a meeting with Plaintiff on video call, with Human Resources.

18. After Plaintiff told Katherine and Human resources employee Gayle all that he had experienced with Colleen Cobb, no further action was taken. Remarkably, Gayle scrutinized Plaintiff for failing to come to her sooner, however, every time Gayle was at Defendant's Livonia Location, Colleen Cobb would send Plaintiff, as well as corroborating witnesses Pierce and Reuben, out on jobs far away from the office to avoid such a meeting.

19. Egregiously, after the report to Human Resources was made by Mr. Staten, another witness, whose name is Angelita, told Mr. Staten that she had discovered that Colleen Cobb was actively trying to get Mr. Staten to quit.

20. Further, throughout all times relevant, Mr. Staten was met with severe hostility and vitriol after the filing of his complaint with Human Resources.

4

21. Seemingly in retaliation, Mr. Staten was forced to use Personal Time Off in order to attend a Doctor's Appointment for his newborn child, despite other employees not being subject to the same disparate treatment.

22. On another occasion, Mr. Staten's keys were missing, and employees falsely accused Mr. Staten of "cussing" everyone out. It was discovered that Mr. Staten's keys were removed from his jacket and found in a garbage can.

23. Immediately upon locating his keys, two employees, Colleen Cobb and Sarah looked at Mr. Staten and immediately walked away without speaking or any sort of confrontation.

24. Despite this fact, Katherine and Sarah falsely claimed that Mr. Staten threatened them. In response, the two wanted Mr. Staten to sign a form admitting to things that in reality, he did not do.

25. As a result of refusing to sign a form that took false dramatic liberties, Defendant terminated Plaintiff from employment, despite the fact that at all times relevant, Plaintiff was an exemplary employee who never missed work, and was never written up for bad conduct at work.

26. Notably, Pierce called Plaintiff the same day he was terminated and informed him that he overheard, Sarah, Katherine, and Colleen saying that Plaintiff cussed them out loud while walking around the building, likely so people would believe that Plaintiff was actually fired for his conduct, when in reality after they told Plaintiff to leave, he left the premises in silence, while his phone recorded this to verify that fact.

### COUNT I – SEX DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND THE ELCRA

27. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

28. Plaintiff's sex was a significant factor in how he was treated during the time he worked at KabaFusion under the supervision of Colleen Cobb.

29. Had Aaron Staten been a female, he would have been treated differently during the time he worked at KabaFusion.

30. Plaintiff's sex was a significant factor in Plaintiff's disparate treatment he received during his role as a courier with Defendant/

31. Had Aaron Staten been a female, he would not have been harassed, intimidated, sexualized and/or demoted.

32. KabaFusion, through its authorized agents, representatives, and employees, including Colleen Cobb, were predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

33. KabaFusion, through its authorized agents, representatives, and employees, including Colleen Cobb, treated Aaron Staten differently from similarly situated employees and contractors of a different sex in the terms and conditions of employment, based upon unlawful consideration of sex.

34. Defendant's actions were intentional in disregard for Aaron Staten's rights and sensibilities.

35. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of Title VII, as well as the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

36. Further, Plaintiff was sexually harassed by Defendant's agents and employees throughout the course of his employment.

37. This sexual harassment has included, but is not limited to, unwelcome comments and conduct of an offensive and sexual nature directed at Plaintiff and the creation of a hostile work environment.

38. The actions of Defendant and its agents, representatives, and employees were intentional.

39. The conduct of Defendant's agents and employees in sexually harassing Plaintiff constitutes sexual discrimination in violation of Title VII, as well as MCL 37.2101 et seq.

40. As a direct and proximate result of KabaFusion's unlawful actions in violation of the ELCRA and Title VII, Aaron Staten has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, as follows:

A) Legal Relief

   1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

   2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

   3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

   1) An order reinstating Plaintiff to an appropriate position at Home Care Services, Inc. d/b/a KabaFusion;

   2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II – HOSTILE WORK ENVIRONMENT

41. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

42. During the period of his employment at Prudential, Plaintiff belonged to a protected group of individuals under the ELCRA.

43. Plaintiff was subjected to communication and conduct on the basis of the protected status.

44. Plaintiff was subjected to unwelcome communication and conduct on the basis of the protected status.

45. The unwelcome communication and conduct was intended to, or in fact did, interfere substantially with Aaron Staten's employment or created an intimidating, hostile, or offensive work environment.

46. The unwelcome communication and conduct took place within the scope of employment and KabaFusion is liable for the actions of its authorized agents, representatives, and employees, including Colleen Cobb, under the doctrine of respondeat superior.

47. As a direct and proximate result of KabaFusion's unlawful actions in creating, promoting, and maintaining a hostile work environment in violation of the ELCRA, Aaron Staten has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, as follows:

A) Legal Relief

1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) An order reinstating Plaintiff to an appropriate position with Home Care Services, Inc. d/b/a KabaFusion;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III – RETALIATION

48. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

49. Defendant, KabaFusion, retaliated against Plaintiff for having complained about Colleen Cobb's discriminatory employment practices and created a hostile work environment described above, in violation of Title VII.

50. Moreover, after Plaintiff Complained to Cobb, HR, and General Manager Katherine, Defendant subsequently terminated Plaintiff's employment, in retaliation for his complaints regarding the hostile work environment.

51. At all times relevant, Plaintiff has continued to conduct himself as an exemplary employee despite the hostile and uncomfortable working conditions he was forced to endure.

52. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities. Moreover, Defendant's termination of Plaintiff's employment was purely out of spite and without cause, due to Plaintiff's complaints.

53. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, as follows:

A) Legal Relief

1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) An order reinstating Plaintiff to an appropriate position with Home Care Services, Inc. d/b/a KabaFusion;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

3) Whatever other equitable relief appears appropriate at the time of final judgment.

**COUNT IV – VIOLATION OF THE BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT**

54. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

55. At all material times, Plaintiff was an employee, and Defendant was his employer, covered by and within the meaning of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 et seq.

56. Defendant violated the Bullard-Plawecki Employee Right to Know Act when they refused to give Plaintiff his employee personal file regarding his employment and medical records, despite due and proper demand, because Plaintiff reported a violation or suspected violation of a law, regulation, or rule of the State of Michigan.

57. Moreover, when Plaintiff raised issues regarding his disability, he was subsequently wrongfully placed on an unpaid leave. Since Plaintiff has been placed on an improper unpaid leave, Defendant still has not produced Plaintiff's Employee Personnel file, despite due and proper demand by Plaintiff that they do so.

58. The actions of Defendant were intentional.

59. As a direct and proximate result of Defendant's unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, as follows:

    A) Legal Relief

    1) Actual damages in excess of $75,000.00 to which Plaintiff is found to be entitled, plus statutory damages of $200.00, plus costs, interest, and reasonable attorney fees.

  B) Equitable Relief

    1) An Order requiring that Defendant immediately give to Plaintiff a copy of his employee personnel file, and;

    2) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT V – NEGLIGENCE

60. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

61. Defendant, Home Care Services, Inc. d/b/a KabaFusion, owed a duty to Plaintiff and others similarly situated to exercise reasonable care in establishing and overseeing the enforcement of laws and internal human resource policies enacted to protect employees and contractors, arbitrate conflicts, and promote the safety and well-being of their personnel.

62. Defendant, Home Care Services, Inc. d/b/a KabaFusion, breached their duties to Plaintiff and others similarly situated by failing to exercise reasonable care in overseeing the enforcement of laws and internal human resource policies enacted to protect employees and contractors, arbitrate conflicts, and promote the safety and well-being of their personnel, and instead acted with deliberate indifference toward the safety and well-being of its employees and contractors including Plaintiff.

63. Defendant's conduct as described above amounts to negligence for which KabaFusion is liable for their actions and failures to act under Michigan law.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A

KABAFUSION, jointly and severally, an amount not less than $25,000.00 to which she is found to be entitled, together with court costs, interest, and attorney fees, and any other relief this Court deems just and equitable.

### COUNT VI – NEGLIGENT INFLICTION OF MENTAL DISTRESS

64. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

65. The conduct of Defendant KabaFusion described above would naturally and probably result in emotional distress.

66. Defendant's negligence proximately caused severe emotional distress to Plaintiff.

67. The emotional distress suffered by Plaintiff physically manifested itself in symptoms including, but not limited to:

    a) Sleeplessness;
    b) Increased anxiety;
    c) Headaches;
    d) Crying spells;
    e) Nausea;
    f) Nightmares;
    g) Cold sweats;
    h) Loss of appetite;
    i) Shaking hands; and
    j) Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, jointly and severally, an amount not less than $25,000.00 to which she is found to be entitled, together with court costs, interest, and attorney fees, and any other relief this Court deems just and equitable.

### COUNT VII – VIOLATION OF THE MICHIGAN WHISTLEBLOWER PROTECTION ACT ("WPA")

76. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

77. At all material times, Plaintiff was an employee, and Defendants were his employers, covered by and within the meaning of the Whistleblowers' Protection Act, MCL 15.361 et seq.

78. Defendants violated the Whistleblowers' Protection Act when they discriminated against Plaintiff as described regarding the terms, benefits, conditions, and privileges of his employment because Plaintiff reported a violation or suspected violation of a law, regulation, or rule of the State of Michigan and opposed practices made illegal by the laws, regulations, or rules of the State of Michigan.

79. After the commencement of Plaintiff's complaints to Defendant pertaining to Defendant's egregious violations of State and Federal law relating to work-place harassment, Defendant subsequently, without cause, terminated Plaintiff's employment.

80. The actions of Defendants were intentional. Plaintiff was terminated despite continuing to conduct himself as an exemplary employee in his line of work.

81. As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described, Plaintiff has sustained injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, AARON STATEN, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendant, HOME CARE SERVICES, INC. D/B/A KABAFUSION, as follows:

    A) Legal Relief

Case 2:21-cv-11323-MFL-CI   ECF No. 3-1, PageID.29   Filed 06/04/21   Page 17 of 17
DocuSign Envelope ID: 79393F70-DCCE-477D-849C-57135BB0F70B

1) Compensatory damages in excess of $75,000.00 to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

1) A reinstatement of Plaintiff to his original position of employment that she had prior to the commencement of this legal action;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

3) Whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

Dated: April 23, 2021

By:_____
Jan Jeffrey Rubinstein (P57937)
Attorney for Plaintiff

**I declare that the statements above are true to the best of my information, knowledge, and belief.**

DocuSigned by:
_____     4/23/2021
AARON STATEN

Sworn to and subscribed before me this _____ day of April, 2021

_____
Notary Public

15