UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON STATEN,

    Plaintiff,

v.

HOME CARE SERVICES, INC.,

    Defendant.

Case No. 21-cv-11323
Hon. Matthew F. Leitman

_____/

### ORDER (1) DENYING MOTION TO DISMISS (ECF No. 4) WITHOUT PREJUDICE; AND (2) SETTING MATTER FOR TRIAL ON WHETHER TO COMPEL ARBITRATION

Plaintiff Aaron Staten is a former employee of Defendant Home Care Services, Inc. d/b/a KabaFusion ("KabaFusion"). (*See* Compl., ECF No. 3-1, PageID.16.) On April 23, 2021, Staten filed this employment discrimination action against KabaFusion in the Wayne County Circuit Court for the State of Michigan. (*See* Compl., ECF No. 3-1.) In his Complaint, Staten alleged, among other things, that KabaFusion unlawfully discriminated against him on the basis of his sex, in violation of federal and state law. (*See id.*, PageID.19-29.)

On June 4, 2021, KabaFusion removed Staten's action to this Court. (*See* Notice of Removal, ECF No. 3.) On June 11, 2021, KabaFusion moved to dismiss Staten's action on the ground that Staten was required to submit his claims to mandatory arbitration. (*See* Mot., ECF No. 4.) In support of its motion, KabaFusion

1

alleged that Staten "expressly agreed to submit any and all disputes and claims relating to his employment to binding arbitration." (*Id.*, PageID.47.) KabaFusion presented evidence from its employee records purporting to show that Staten acknowledged and signed KabaFusion's Arbitration Agreement. (*See* Arb. Agreement, ECF No. 4-1.)

Staten filed a response in opposition. (*See* Resp., ECF No. 7.) In support of his response, Staten submitted an affidavit (the "Staten Affidavit") denying having ever seen or signed KabaFusion's Arbitration Agreement. (*See* Staten Aff., ECF No. 8.) In relevant part, the Staten Affidavit states as follows:

> 4. I have reviewed Kabafusion's Motion to Dismiss Plaintiff's Complaint (ECF No. 4) and the attachments thereto.
>
> 5. I was never presented nor signed an Arbitration Agreement with Kabafusion. I have never even seen the document purporting to bear my "signature."
>
> 6. At the time I was hired, Kabafusion was in a rush to find sufficient staffing and the onboarding process was expedited. I never went through any formal orientation with Kabafusion's Human Resources department.
>
> 7. I never used a computer at Kabafusion's office.

(*Id.*, PageID.187.) KabaFusion filed a reply on July 13, 2021. (*See* Reply, ECF No. 9.) On July 13, 2021, the Court ordered a round of supplemental briefing in light of the United States Court of Appeals for the Sixth Circuit's decision in *Boykin v. Family Dollar*, 3 F.4th 832 (6th Cir. 2021). (*See* Order, ECF No. 10.) Staten filed

his supplemental brief on July 20, 2021 (*see* Supp'l Br., ECF No. 12); KabaFusion filed its supplemental brief on July 27, 2021 (*see* Supp'l Br., ECF No. 13). The Court set a hearing on KabaFusion's motion for December 20, 2021. (*See* Notice, ECF No. 14.) The Court now concludes that it does not need to hold a hearing on KabaFusion's motion and that it must deny KabaFusion's motion without prejudice.

Under *Boykin*, Staten is entitled to a trial on the question of whether he may be compelled to arbitrate because his affidavit is sufficient to create a material factual dispute as to whether (1) he entered into an agreement to arbitrate and/or (2) continued to work for KabaFusion after learning that his employment was subject to a mandatory arbitration agreement. Accordingly, the Court **DENIES WITHOUT PREJUDICE** KabaFusion's motion to dismiss (ECF No. 4) and will cancel the hearing set previously for December 20, 2021. The Court concludes instead that the issue of whether Staten may be compelled to arbitrate must be resolved by a trial at which the Court will resolve the factual dispute as to whether Staten (1) entered into an agreement to arbitrate and/or (2) continued to work for KabaFusion after learning that his employment was subject to a mandatory arbitration agreement. The Court will hold a status conference with the parties to set a trial date.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2021

3

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2021, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (810) 341-9764