UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON STATEN, | Case No.: 21-11323 |
| Plaintiff, | |
| v. | Matthew F. Leitman |
| | United States District Judge |
| HOME CARE SERVICES, INC., | |
| and KABAFUSION, | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO COMPEL (ECF No. 19)**

A.  Background

This is an employment law case removed to this Court on June 4, 2021. (ECF No. 3). The defendant moved to dismiss the complaint on the basis that Plaintiff was required to submit his claims to mandatory arbitration. (ECF No. 4). The Court denied that motion without prejudice and scheduled a bench trial to resolve the arbitration issue. (ECF No. 15). The bench trial is postponed pending resolution of Defendant' motion to compel, which is now before the Court. (ECF No. 19). The Court has reviewed the briefs and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). A notice cancelling the hearing will be separately filed.

B.  Discovery Standards

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

C. Discussion

The issues in the motion have been narrowed. What began as dispute over Plaintiff's failure to provide any responses to discovery is now a dispute over the response to interrogatory no. 7 and the form of production of documents. (*See* ECF No. 26, PageID.584-90).

Interrogatory no. 7 states: "If Plaintiff did not unequivocally admit any Request for Admission concerning the Arbitration Agreement, please state the specificity and details supporting such denial and/or equivocal admission." (*Id.* at PageID.588). The dispute relates to the responses to requests for admission nos. 1, 2, and 4. (*Id.* at PageID.588-89). Plaintiff's interrogatory response to those requests for admission is that the allegations "are simply untrue." (*Id.* at PageID.589). That the allegations "are simply untrue" does not adequately respond to interrogatory no. 7, which asks for the basis of the denial.

Take, for example, request for admission no. 1. Defendant asked Plaintiff to admit that his "unique ADP User ID was 'Astaten87' as shown" in an exhibit to another motion. Plaintiff merely denied the request and did not expound in the interrogatory. (*Id.* at PageID.588). Defendant questions whether perhaps Plaintiff had another ADP User ID other than "Astaten87." The point is well taken—Plaintiff's position in interrogatory no. 7 that the allegation is simply untrue is an insufficient response as there could be more information relevant to the arbitration issue. The motion to compel is **GRANTED IN PART**. Plaintiff must provide complete answers to interrogatory no. 7, related to requests for admission nos. 1, 2, and 4, **within 7 days** of this Order.

The remaining dispute concerns document production. According to Defendant, Plaintiff's document production consists of illegible, incomplete, or

3

altered copies of documents, many of which are faded screenshots of text messages and emails. Defendant asserts Plaintiff has current access to the documents and emails because the produced documents show he screenshotted and forwarded the documents on March 1, 2022. (*Id.* at PageID.589-90).

Plaintiff contends the March 1, 2022 documents are screenshots of old screenshots he took "to preserve evidence prior to being terminated" and that he no longer has access to the ADP system. (ECF No. 25, PageID.359). He also asserts Defendant has the documents and emails in its possession, so he should not be punished for only possessing screenshots. (*Id.*).

While Defendant asserts ADP allows former employees to access their ADP account after separation of employment, Defendant did not address Plaintiff's contention that it has access to the documents it seeks. Given that Plaintiff produced the documents he has in his possession, and Defendant appears to have access to other versions of those documents, the Court will not compel Plaintiff to make a supplemental production of the same as it appears Plaintiff has produced that to which he has access. Requiring more would likely be futile.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as

error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 31, 2022            s/Curtis Ivy, Jr.
                                                         Curtis Ivy, Jr.
                                                         United States Magistrate Judge