UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARON STATEN, | Case No.: 21-11323 |
| Plaintiff, | |
| v. | Matthew F. Leitman |
| | United States District Judge |
| HOME CARE SERVICES, INC., | |
| and KABAFUSION, | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

## ORDER GRANTING MOTION FOR SANCTIONS (ECF No. 28)

**A.    Background**

On March 31, 2022, the Court granted in part Defendant's (Home Care Services, Inc., d/b/a Kabafusion) motion to compel about arbitration-related discovery. (ECF No. 27). Defendant now moves for sanctions against Plaintiff for alleged misrepresentations to Defendant and the Court concerning his production of emails in response to the discovery motion. (ECF No. 28). The Court heard oral argument on the motion for sanctions on November 17, 2022.

Some arguments Plaintiff advanced in opposing the motion to compel are the basis of Defendant's motion for sanctions now before the Court. (ECF No. 28). As of the filing of the motion to compel, Plaintiff had not responded to Defendant's discovery requests after several extensions to do so. (ECF No. 19). In his response brief, Plaintiff represented that he responded and provided all

documents in his possession and control. (ECF No. 25). He explained his position on the dispute about emails. Defendant took issue with the fact the emails produced were screenshots. Defendant requested the full and complete emails. But according to Plaintiff, he took screenshots of emails to preserve the evidence prior to being terminated by Defendant. (*Id.* at PageID.359). In other words, Plaintiff represented that he could not access original copies of emails.

In reply, Defendant argued that Plaintiff's responses were deficient. Many documents were illegible, incomplete, or not in the original format (because they were produced as screenshots). (ECF No. 26, PageID.584-86). Defendant argued that the emails are critical to the arbitration issue of whether Plaintiff signed or knew of the arbitration agreement, which was available to Plaintiff through Defendant's third-party human resources vendor "ADP." Defendant asserted that Plaintiff had access to the original format emails on March 1, 2022, when he screenshotted the emails for production. And those screenshots are illegible and in black and white. (*Id.* at PageID.590).

The Court accepted Plaintiff's representation that he produced the documents he had in his possession and that Defendant had no access to other versions of those documents. (ECF No. 27, PageID.696). Thus, the motion to compel was denied.

On August 12, 2022, Defendant moved for sanctions against Plaintiff for misrepresentations about the emails. (ECF No. 28). The motion was referred to the undersigned. (ECF No. 29).

On June 7, 2022, Plaintiff was deposed about the arbitration agreement. He made admissions that appear to undercut the representations in response to the motion to compel. He testified that his work emails are in his personal email account, but he did not do a keyword search of his personal account. Rather, he scrolled to the dates covering his employment and looked for emails received around that time. He did not search his sent or deleted boxes. (ECF No. 28, PageID.713). He could not explain why his screenshotted emails were in black and white. (*Id.*). He stated that he had access to the full emails in his personal account, even after he filed this lawsuit. (*Id.* at PageID.714). Some documents discussed during the deposition were illegible, but Plaintiff confirmed they were likely emails sent from ADP to his personal account. He was not sure if he still had those emails. (*Id.* at PageID.715).

**B.     Discussion**

Defendant seeks an order compelling full and complete production of emails. Since Plaintiff testified that he had copies of the emails in his personal account when he hired counsel, counsel should have made him aware of his obligation to preserve all documents related to this case. (ECF No. 28,

3

PageID.716). If Plaintiff no longer has those emails, Defendants seeks spoliation sanctions, specifically the adverse inference that Plaintiff was aware of the arbitration agreement during his employment with Defendant. Defendant insists that it could prove with certainty that Plaintiff was aware of the agreement through his emails, but if they are lost, its ability to do so is hindered. (*Id.* at PageID.717). Aside from spoliation, Defendant argues that Plaintiff misrepresented to the Court when he maintained that he produced all the documents he had in his possession and only had the illegible, black and white screenshots of emails. (*Id.* at PageID.720). Defendant also seeks its costs and fees associated with bringing this motion under Fed. R. Civ. P. 37(a)(5)(A).

  Plaintiff characterizes the motion for sanctions as an attempt to relitigate the Court's March 31, 2022, Order on the motion to compel. He asserts that the Court's conclusion that Plaintiff produced all the documents over which he had possession is the law of the case and cannot now be challenged. (ECF No. 30, PageID.756-59). He argues that the Defendant is in a better position to obtain the emails since ADP is its employee or contractor. But Plaintiff stresses that there are no more emails to produce, that the screenshots are all the emails that exist. He also insists that his search of emails from the dates of his employment was sufficient. Defendant did not require him to search certain keywords. (*Id.* at PageID.760-62). In his affidavit, he stated that every email in his personal account

that related to his employment was produced and that each email produced is the only version of the email in his possession. (ECF No. 30-1, PageID.765).

In reply, Defendant first contends that the law-of-the-case doctrine does not command adherence to the Court's prior Order because new facts, by way of Plaintiff's deposition testimony, have surfaced and enforcement of that Order would work substantial prejudice against Defendant. (ECF No. 31, PageID.771-72). Plaintiff testified that the emails from ADP are in his personal email account, and he had access to those emails when he filed the lawsuit. Defendant contests Plaintiff's assertion that it has equal access to ADP's emails to Plaintiff—it asserts that, while it has access to Plaintiff's ADP profile, it has no access to emails sent to Plaintiff's personal email account. (*Id.* at PageID.770, n. 1). In addition, Defendant's Chief Information Officer confirmed this in his affidavit. (ECF No. 31-2, PageID.783). As for Plaintiff's affidavit, Defendant argues it should be stricken because it conflicts with his deposition testimony. (ECF No. 31, PageID.774-75).

      1.    Law-of-the-Case Doctrine

Under the law-of-the-case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Application of the doctrine is discretionary, and courts should be reluctant, absent good cause,

5

to revisit prior rulings. *Dr.'s Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997). The doctrine does not preclude reconsideration where new facts have emerged since the prior ruling. *See Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006); *Miles v. Kohli & Kaliher Assoc., Ltd.*, 917 F.2d 235, 241 n. 7 (6th Cir. 1990).

Defendant's motion does not implicate the law-of-the-case doctrine. Defendant is not challenging a prior ruling. Instead, it is arguing that facts discovered after the Court's ruling cast doubt on Plaintiff's representations to the Court. The motion for sanctions is not a veiled appeal of the prior ruling.

    2.    Spoliation

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465 (M.D. Tenn. 2018) (citing *Clark Constr. Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. 2005)). Federal Rule of Civil Procedure 37 provides that "[i]f electronically stored information that should have been preserved in the anticipation . . . of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). "A district court 'may impose many different kinds of

6

sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.'" *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1070 (6th Cir. 2014) (quoting *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014)). A party seeking spoliation sanctions based on destroyed evidence must establish:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Id.* (quoting *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)).

There is inconsistency between what Plaintiff provided to his attorneys for production, his deposition testimony, and his affidavit. He testified that emails from ADP were in his personal email account and that he looked for them during the dates of his onboarding and employment. His testimony is that at least some emails he produced through screenshots were available as emails in his inbox, but were not produced in their native format. And his testimony suggests he had access to emails produced in the form of screenshots, although after his employment was terminated, even though it was represented to Defendant that he lacked access to them because he no longer had access to a work computer. He

7

testified that he did not save emails from ADP, but also that he did not delete them. Plaintiff's last word in his affidavit cannot satisfy the Court that he has met his discovery obligations of preserving evidence and thoroughly searching his emails. These inconsistencies warrant some measure of sanctions.

It became clear at the hearing on this motion that Plaintiff's counsel was never involved in the search of Plaintiff's email. Counsel relied on Plaintiff to conduct the search, decide which emails were relevant, and later provide them to counsel. As counsel stated on the record, Plaintiff is a lay person who is not in the best position to (1) conduct a thorough search of emails, (2) accurately decide which emails are relevant, and (3) produce the emails, in full, in their native format. For these reasons, Plaintiff's counsel is **ORDERED** to search Plaintiff's entire personal email account—inbox, sent, and deleted email boxes—for responsive emails. Counsel must then produce any such emails in their native format, with entire emails downloaded to PDF and sent to Defendant's counsel. If no emails exist beyond what have already been produced in their native format, they must certify in writing to Defendant that the search was conducted in accordance with this Order, but no responsive emails were located. Emails that were previously produced as screenshots must be produced in their native format. If the screenshot emails cannot be located in Plaintiff's personal email account, counsel must certify in writing the attempt to locate those emails and that they

8

could not be located. The search, production, and/or certification must be completed **within 10 days** of this Order.

Because of the equivocation on the existence and location of emails, which precipitated this motion, Plaintiff is **ORDERED** to pay Defendant's costs in bringing this motion. The parties must confer on the matter of costs **within 14 days** of this Order. If, after conferring, the parties cannot agree on costs, Defendant must file supplemental briefing on the amount of costs it seeks and support for that amount. This brief must be filed within 7 days of the dispute. Plaintiff must file a response brief within 7 days of service of Defendant's brief.

Though it is unlikely Defendant would receive a response before the trial date, it may serve a subpoena on ADP for emails communications with Plaintiff, apart from the emails ordered to be produced here.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

9

effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 22, 2022          <u>s/Curtis Ivy, Jr.</u>
                                                                    Curtis Ivy, Jr.
                                                                      United States Magistrate Judge